IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I. STEPHEN RABIN, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>John Doe Market Makers,<br>NASDAQ OMX PHLX LLC, and<br>NASDAQ OMX GROUP, INC.<br><br>     Defendants. | CIVIL ACTION<br><br>Case No. 15-00551-GAM<br><br>CLASS ACTION<br><br>TRIAL BY JURY DEMANDED |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF I. STEPHEN RABIN'S MOTION FOR EXPEDITED DISCOVERY**

                **BERGER & MONTAGUE, P.C.**
                Lawrence Deutsch, PA Bar No. 45653
                Robin B. Switzenbaum, PA Bar No. 44074
                Phyllis M. Parker, PA Bar No. 77336
                1622 Locust Street
                Philadelphia, PA  19103
                Tel: (215) 875-3000
                Fax: (215) 875-4604
                Email: ldeutsch@bm.net
                   rswitzenbaum@bm.net
                   pparker@bm.net

                **BRAGAR EAGEL & SQUIRE, P.C.**
                Jeffrey H. Squire
                Lawrence P. Eagel
                885 Third Ave., Suite 3040
                New York, NY 10022
                Tel: (212) 308-5858
                Email: squire@bespc.com
                   eagel@bespc.com

                *Attorneys for I. Stephen Rabin*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

A.     Defendants' "Immunity" Argument is Irrelevant to Oppose a Request for Limited Preliminary Discovery ................................................................................................ 1

B.     PHLX has the Most Readily Accessible Relevant Records and Cannot Evade Plaintiff's Requests for its Records Even if They are Available by Subpoena From Another Source 4

C.     Plaintiff Will Face Undue Prejudice if He Cannot Immediately Identify the John Doe Market Maker Defendants ................................................................................................ 5

CONCLUSION ............................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Global Intellicom Inc. v. Thomson Kernaghan & Co.*,
   No. 99Civ342(DLC), 1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) ..........................6

*In re Facebook, Inc. IPO Secs. and Deriv. Litig.*,
   986 F.Supp.2d 428 (S.D.N.Y. 2014)........................................................................3

*In re Tyco Int'l Ltd. Secs. Litig.*,
   No. 00MD1335, 2000 WL 33654141, DNH 268 (D.N.H. Jul. 27, 2000) ................6

*Koncelik v. Savient Pharm, Inc.*,
   No. 08Civ.10262(GEL), 2009 WL 2448029 (S.D.N.Y. Aug. 10 2009)...............5, 6

*Opulent Fund L.P. v. The Nasdaq Stock Market, Inc.*,
   No. C-07-03683(RMW), 2007 WL 3010573 (N.D. Cal. Oct. 12, 2007)..................4

*Standard Investment, Inc. v. National Association of Securities Dealers, Inc. ("NASD")*,
   No. 07Civ.2014(SWK), 2007 U.S. Dist. LEXIS 27342 (S.D.N.Y. Apr. 11, 2007) ..........1, 2, 3

*Weissman v. National Association of Securities Dealers, Inc.*,
   500 F. 3d 1293 (11th Cir. 2007) ..............................................................................3

Plaintiff I. Stephen Rabin ("Plaintiff") submits this Reply memorandum of law ("Reply") to reply to NASDAQ Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Expedited Discovery ("Def. Br.") and in further support of Plaintiff's Motion for Expedited Discovery ("Pl. Mot.").

## PRELIMINARY STATEMENT

On March 16, NASDAQ Defendants filed their opposition to Plaintiff's Motion. Surprisingly, NASDAQ Defendants' opposition relies primarily on the erroneous argument that they are shielded from *any discovery* in their role as a self-regulatory organization ("SRO"). Def. Br. 2-6, 12-17. In addition, their remaining arguments fail to counter the arguments set forth by Plaintiff in his Motion seeking expedited discovery from NASDAQ for limited records that would identify certain John Doe Market Makers to permit Plaintiff to serve them with the Complaint.

### A.   Defendants' "Immunity" Argument is Irrelevant to Oppose a Request for Limited Preliminary Discovery

Ignoring that the instant motion is a request for limited preliminary *discovery* required to identify unknown defendants for the purposes of service, NASDAQ Defendants focus their opposition upon the nature of NASDAQ's actions to contend that "the doctrine of self-regulatory organization ('SRO') immunity shields PHLX from discovery in this action." Def. Br. at 2-6. Defendants' arguments should be rejected. Plaintiff's motion seeks preliminary *discovery* – to obtain records that the NASDAQ Defendants maintain which identify the John Doe Market Maker Defendants. Mere assertion of "immunity" is no shield against such discovery. *Standard Investment, Inc. v. National Association of Securities Dealers, Inc. ("NASD")*, No. 07Civ.2014(SWK), 2007 U.S. Dist. LEXIS 27342, at *8 (S.D.N.Y. Apr. 11, 2007).

1

The district court in *Standard Investment* rejected attempts precisely like NASDAQ Defendants' argument here to claim that "SRO immunity" is a shield to evade discovery. The court upheld the order of the magistrate judge, denying defendants' request for a stay of all discovery and granting expedited discovery during the pendency of their promised motion to dismiss, where defendants intended to argue "immunity." Defendants had argued that they were immune even from having to respond to *discovery* because they enjoy absolute immunity as SROs. *Id*. at *6. The magistrate judge rejected that argument, explaining that:

> Of course, a defendant's mere assertion of immunity can not be sufficient to stay all discovery in exigent circumstances. None of the defendants' proffered authority supports such a broad proposition, nor does logic demand it.

*Id*. at *8. Further, the district court affirmed the magistrate's reasoning that defendants' assurance that their intended immunity defense was "arguable" was totally irrelevant and could not defer discovery, since it was "not clear whether Defendants' forthcoming motion to dismiss [on immunity grounds] will be successful." *Id*. at *6.

In the end, the court found plaintiff's exigent need for discovery far outweighed defendants' premature, self-serving, "arguable" (and likely to be rejected) assertions of "immunity," and affirmed the grant of expedited discovery. *Id*. at *8.

> In fact, granting a discovery stay pending disposition of a merely "arguable" motion to dismiss when there is a demonstrated need for exigent relief completely undermines the purpose of temporary remedies, whether dispositive, as in the case of a preliminary injunction, or not, as in the case of discovery. Thus, that the Magistrate Judge declined to stay all discovery because, *inter alia*, it was "not clear" whether the forthcoming motion to dismiss would be successful is not contrary to law, nor does the Court find it to be clearly erroneous in light of the "entire evidence" on the record.

*Id*. at **9-10.

As in *Standard Investment*, an "immunity defense" is inappropriate on Plaintiff's expedited discovery motion here. Such argument is especially mistaken under the facts alleged

in this case, where it is highly unlikely that Defendants will prevail on this defense. *Standard Investment*, 2007 U.S. Dist. LEXIS 27342, at *8. Plaintiff's Complaint establishes that the NASDAQ Defendants acted as a profit-making private business when they acquiesced in the market makers' manipulative options trading on the PHLX Exchange. Such actions allowed the NASDAQ Defendants to increase their trading volume, revenues, and profits, which had nothing to do with NASDAQ's regulatory function. *See, e.g.,* Complaint at ¶¶ 45-46, 62-67. Plaintiff should prevail against this misplaced SRO "immunity" defense, when, and if, Defendants raise it on a motion to dismiss the Complaint. In its analysis of NASDAQ's recent effort to similarly invoke immunity to shield its self-serving actions, the court in *In re Facebook, Inc. IPO Secs. and Deriv. Litig.*, 986 F.Supp.2d 428, 452-453 (S.D.N.Y. 2014) found that NASDAQ's statements intended to "serve [NASDAQ OMX's] private business interests, such as its efforts to increase trading volume and company profit" were non-regulatory and did not confer immunity. *Id*. at 451 (citation omitted).[1] *See also Weissman v. National Association of Securities Dealers,*

---

[1] The court in *Facebook* analyzed the history of securities markets and noted that "securities markets have changed dramatically since the 1930s [and] Exchanges like NASDAQ, have converted from non-profit mutual associations owned by their members to for-profit publicly traded corporations owned by shareholders." *Id*. at 452. Applying the principles that "absolute immunity frees the recipient of its protection from civil liability unconditionally, it is fraught with potential for abuse," and "[g]rants of immunity must be narrowly construed" because they deprive injured parties of remedies, the *Facebook* court held that absolute immunity is not given to NASDAQ merely because it of its role as an SRO with regulatory authority, and did not shield certain alleged acts which were undertaken to increase trading volume, which related to NASDAQ's private commercial conduct.

> If that sufficed, then every time an exchange committed a negligent or unlawful act independent of its regulatory authority, it could purport to consider whether some regulatory power existed and retroactively try to immunize itself from damages for the earlier non-immune conduct. While the doctrine of SRO must continue to ensure regulatory independence, it cannot be applied to allow blanket protection for exchanges when they fail to exercise due care in their pursuits of profit.

*Id*. at 453 (citation omitted).

3

*Inc.*, 500 F. 3d 1293, 1296-1297 (11th Cir. 2007) ("[A]s a private corporation, NASDAQ may engage in a variety of non-governmental activities that serve its private business interests, such as its efforts to increase trading volume and company profit…. When an SRO is not performing a purely regulatory, adjudicatory, or prosecutorial function, but rather acting in its own interests as a private entity, absolute immunity from suit ceases to obtain.")

Defendants' argument that the Complaint alleges violations of SEC rules (Def. Br. at 4-5) does not change the outcome because NASDAQ was motivated to participate in Market Maker Defendants' scheme to flood the options markets on days prior to ex-dividend dates of stocks and ETFs, by NASDAQ's own business-driven desire to boost trading volume to increase revenues and profits.  Complaint at ¶¶ 46, 67.  *See Opulent Fund L.P. v. The Nasdaq Stock Market, Inc.,* No. C-07-03683(RMW), 2007 WL 3010573, at *5 (N.D. Cal. Oct. 12, 2007) (mere fact that the SRO is subject to duties imposed by SEC rules does not automatically convert Nasdaq's conduct that serve its private business interests into an immunized "regulatory function" such as carrying out disciplinary actions:  "Nasdaq's market-facilitating conduct at issue in this case were non-regulatory, and hence there is no absolute immunity");

      **B.**      **PHLX has the Most Readily Accessible Relevant Records and Cannot Evade Plaintiff's Requests for its Records Even if They are Available by Subpoena From Another Source**

NASDAQ Defendants point to the fact that these records are also available from the Options Clearing Corporation.  While that is factually correct, the records maintained by the PHLX Exchange are more narrowly focused upon the activity alleged in the Complaint which is concentrated upon the options trades generated from the PHLX Exchange.  Accordingly, obtaining these records from the NASDAQ Defendants is the least burdensome avenue of this necessary preliminary discovery.

4

### C. Plaintiff Will Face Undue Prejudice if He Cannot Immediately Identify the John Doe Market Maker Defendants

John Doe Market Makers have not been served with the Complaint and have no notice that they are being charged in this lawsuit. Without such warning, the John Doe Market Maker Defendants will not preserve all relevant evidence. It is also for that reason that the PSLRA stay provision includes a "preservation of evidence" provision, which requires that "notice" be given to parties of the allegations. *See Koncelik v. Savient Pharm, Inc*., No. 08Civ.10262(GEL), 2009 WL 2448029, at *1 (S.D.N.Y. Aug. 10 2009) (granting plaintiff-investors' motion for partial lifting of PSLRA discovery stay to compel defendants to identify third parties in order to serve preservation subpoenas upon them to prevent destruction of evidence). Thus, to ensure that the John Doe Defendants preserve all relevant evidence, is another reason to permit this preliminary discovery.

In response to the need to identify these market makers so that they can be on notice and preserve their records, the NASDAQ Defendants' simply argue that Plaintiff suffers no "undue prejudice" due to the PSLRA stay on discovery because "the Exchange and market makers have extensive regulatory obligations to maintain trading records for long periods of time." Def. Br. at 9 n. 3. Further, they argue, if Plaintiff is unable to serve Market Maker Defendants within 120 days after the complaint is filed pursuant to Rule 4(m), Plaintiff can attempt to obtain an extension under the Rule's "good cause" provision. Def. Br. at 10. Defendants' argument is unavailing since the issue of when to produce these records would remain open because the records are essential to precisely identify the John Doe Marker Defendants. Only after receipt of these records could Plaintiff then properly serve these Market Maker Defendants since the NASDAQ Defendants hold these records. Without these records identification of all John Does cannot be made. In sum, Plaintiff's inability to identify and proceed against the Market Maker

Defendants and ensure that they become parties to this suit and preserve all evidence satisfies the standard for "undue prejudice" applied by courts in PSLRA discovery cases: "improper or unfair treatment amounting to something less than irreparable harm." *Koncelik,* 2009 WL 2448029, at *1. *In re Tyco Int'l Ltd. Secs. Litig.,* No. 00MD1335, 2000 WL 33654141, at *4, 2000 DNH 268 (D.N.H. Jul. 27, 2000) ("[I]n contrast to 'irreparable harm,' 'undue prejudice' means improper or unfair detriment."); *Global Intellicom Inc. v. Thomson Kernaghan & Co.*, No. 99Civ342(DLC), 1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) (risk that plaintiffs would be unable to seek redress for wrongs constitutes "undue prejudice" permitting lifting of PSLRA stay to obtain defendants' trading records and customer identities). Such "undue prejudice" establishes "extraordinary circumstances" to warrant lifting the PSLRA stay.   Pl. Mot. at 12-13.[2]

## CONCLUSION

For the reasons above, as well as those set forth in Plaintiff's opening brief, Plaintiff respectfully requests that the Court enter an Order permitting Plaintiff to take this expedited discovery from the NASDAQ Defendants.

Dated:  March 20, 2015                                       BERGER & MONTAGUE, P.C.

*s/ Lawrence Deutsch*
Lawrence Deutsch, PA Bar No. 45653
Robin B. Switzenbaum, PA Bar No. 44074
Phyllis M. Parker, PA Bar No. 77336
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: ldeutsch@bm.net
          rswitzenbaum@bm.net
          pparker@bm.net

---

[2]  Moreover, Plaintiff has argued that the PSLRA stay does not apply here because the concerns underlying passage of the PSLRA are not present here – namely, preventing plaintiff from using discovery to supply facts to otherwise non-meritorious lawsuits.

                                      Jeffrey H. Squire
                                      Lawrence P. Eagel
                                      BRAGAR EAGEL & SQUIRE, P.C.
                                      885 Third Ave., Suite 3040
                                      New York, NY 10022
                                      Tel: (212) 308-5858
                                      Email: squire@bespc.com
                                                    eagel@bespc.com

                                      *Attorneys for I. Stephen Rabin*

Kal6940590